UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 12-50044-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| NORMAN YELLOW HAWK, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Norman Yellow Hawk filed a motion requesting the court to permit his counsel and investigator to view the scene of the alleged offense and directing the government to permit defense counsel and his investigator to view the scene. (Docket 51). Pursuant to 28 U.S.C. § 636(b)(1)(A), the court referred this motion to Magistrate Judge Veronica L. Duffy for resolution. (Docket 53). The magistrate judge issued an order denying Mr. Yellow Hawk's motion to view the scene of the charged offense. (Docket 78). Mr. Yellow Hawk timely filed objections to this order, seeking reconsideration of the magistrate judge's order. (Docket 84). Pursuant to 28 U.S.C. § 636(b)(1)(A), this court may only reconsider a pretrial matter under subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); see also Ferguson v. United States, 484 F.3d 1068, 1076 (8th Cir. 2007). In her order of February 28, 2013, Judge Duffy articulates her reasoning for denying the motion to view the scene of the charged offense and carefully assesses the law and its application to the facts

of the case.  Considering the entire record, the court concludes Judge Duffy's order is not clearly erroneous or contrary to law.

Mr. Yellow Hawk objects to Judge Duffy's findings as follows:

1. The scene is not within the possession, custody or control of the government;

2. Viewing the scene is not material to Mr. Yellow Hawk's case; and

3. Denying his motion to view the scene does not contravene his right to exculpatory evidence.

(Docket 84 at p. 1).

Each of these objections will be discussed separately.

## 1. Whether the scene of the charged offense is within the possession, custody or control of the government

Mr. Yellow Hawk argues the scene of the charged offense is a "building or place[]" within the government's control under Rule 16.  Id. at p. 2.  Federal Rule of Criminal Procedure 16 provides:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belonging to the defendant.

Fed. R. Crim. P. 16(a)(1)(E).

Judge Duffy found the scene of the charged offense was a private residence and "no way within the . . . possession, custody, or control" of the

2

government. (Docket 78 at p. 4). In his objections, Mr. Yellow Hawk asserts the government has possession, custody and control of the scene because it was permitted to take photographs of the scene. The court is not persuaded by this argument. Being given permission to enter the home and take photographs does not equate to possession, custody or control of the scene. The government cannot force a third party to allow Mr. Yellow Hawk's counsel or his investigator into her home. Judge Duffy's conclusion that the scene of the charged offense is not within the possession, custody, or control of the government is not clearly erroneous or contrary to law. Defendant's objection on this basis is overruled.

**2.     Whether viewing the scene is material to Mr. Yellow Hawk's case**

Mr. Yellow Hawk asserts the government intends to use the scene in its case-in-chief and that viewing the scene is material to his defense. (Docket 84). Mr. Yellow Hawk argues "the defense must make detailed notes and a diagram which include relevant measurements." Id. at ¶ 3. The government already provided thirteen photographs of the scene and a blueprint of the entire residence. Mr. Yellow Hawk contends "[i]t is not possible from a viewing of the photographs to understand what is in the room, its dimensions, set up or anything of relevance to the defense or the government's claim." Id. As noted by Judge Duffy, the alleged abuse was reported approximately four years after it allegedly occurred. The court agrees with Judge Duffy that it would be highly unlikely the room where the alleged offense occurred still would be in the same condition as it was nearly four years ago or that it would contain the same

materials, nor is there any evidence permitting such a finding. Any understanding the defendant needs regarding the dimensions and layout of the room is ascertainable from the blueprints of the residence. Under Rule 16, even if the court found viewing the scene was material to defendant's case, the court would need to find the government had possession, control or custody of the scene. Fed. R. Civ. P. 16(a)(1)E). The government does not have possession, control or custody of the scene.

The court finds the defendant failed to show Judge Duffy's findings were clearly erroneous or contrary to law. Defendant's objection on this basis is overruled.

### 3. Whether denying Mr. Yellow Hawk's motion to view the scene contravenes his right to exculpatory evidence

Mr. Yellow Hawk asserts he has a constitutional right to view the scene and argues Judge Duffy's order denying his motion contravenes his right to exculpatory information. (Docket 84 at p. 4). Defendant's arguments regarding his right to exculpatory information are repetitive of his argument that the scene is material to his defense. Mr. Yellow Hawk asserts that he "must make detailed notes and a diagram which include relevant measurements" and that "it is not possible from a viewing of the photographs to understand what is in the room, its dimensions, set up or anything of relevance to the defense or the government's claims." Id. Mr. Yellow Hawk contends that he cannot know anything about the photographs without viewing the scene. Id. at p. 5.

4

In denying Mr. Yellow Hawk's motion, Judge Duffy found that although defendant argued the photographs of the scene were insufficient, defendant failed to explain why the photographs were insufficient. In his objections, defendant contends the photographs are insufficient because they do not allow him to understand what is in the room, its dimensions or set up. As already discussed, Mr. Yellow Hawk was provided with a blueprint of the residence. The blueprint will allow defendant to determine the dimensions and layout of the scene. Mr. Yellow Hawk provided no evidence indicating the layout or contents or the room are the same or similar now as they were at the time of the alleged offense nearly four year ago. The court rejects Mr. Yellow Hawk's argument that he has an absolute constitutional right to view the scene of the charged offense. Defendant's objection on this basis is overruled.

Based on the above analysis, it is hereby

ORDERED that Magistrate Judge Duffy's order (Docket 78) is not clearly erroneous or contrary to law.

IT IS FURTHER ORDERED that defendant's objections to the order denying his motion to view the scene of the charged offense (Docket 84) are overruled.

Dated April 12, 2013.

BY THE COURT:

*/s/ Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE