UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 12-50044-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| NORMAN YELLOW HAWK, | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the court is defendant Norman Yellow Hawk's motion to dismiss count III of the superseding indictment, charging felony child abuse and neglect. (Docket 158). Defendant contends count III is legally and factually deficient and fails to state a charge. Id. The government opposes the motion. (Docket 173).

Mr. Yellow Hawk was initially indicted in April of 2012. (Docket 1). On May 21, 2013, thirteen months following the initial indictment, the government added felony child abuse and neglect to the indictment. (Docket 140). Count III of the indictment reads as follows:

> On or about between January 1, 2007, and December 31, 2008, at Allen, in Indian country, in the District of South Dakota, the defendant, Norman Yellow Hawk, an Indian person, who was the parent, guardian or custodian, did intentionally and knowingly abuse [T.Y.], by subjecting him to an environment which constituted mistreatment, was injurious to his welfare and resulting in serious bodily injury, all in violation of 18 U.S.C. § 1153 and

>           SDCL §§ 26-10-1 and 26-8A-2(1) and (3) and 18 U.S.C.
>           § 3559(f)(3).

(Docket 141).

SDCL § 26-10-1 sets forth the elements of felony child abuse and states:

> Any person who abuses, exposes, tortures, torments, or cruelly punishes a minor in a manner which does not constitute aggravated assault, is guilty of a Class 4 felony. If the victim is less than seven years of age, the person is guilty of a Class 3 felony.

SDCL § 26-10-1. "Abuse" is not defined in the statute.

South Dakota civil statutes define abused or neglected child as follows:

> In this chapter . . . , the term, abused or neglected child, means a child:
>
> (1) Whose parent, guardian, or custodian has abandoned the child or has subjected the child to mistreatment or abuse;
>
> . . .
>
> (3) Whose environment is injurious to the child's welfare;
>
> . . .

SDCL § 26-8A-2(1) and (3).

Mr. Yellow Hawk contends count III does not charge a criminal offense. Rather, he asserts "it merges an incomplete part of a criminal statute, without any definition of any element contained therein, with part of a civil statute, that has no bearing to the present case." (Docket 158 at p. 2). Mr. Yellow Hawk also asserts count III is factually deficient because "[i]t contains not a single

2

factual allegation that informs [him] of the conduct he allegedly committed, it provides him no criminal definition of the term abuse . . . , and it provides him no bar from future prosecution for the same offense." Id. at p. 3.

The government argues count III is sufficient and correctly charges felony child abuse. The government contends the citations to SDCL § 26-8A-2(1) and (3) are included only as a definitional aide and "sets forth the manner and means by which the alleged crime of abuse was committed." (Docket 173 and p. 2). The government asserts that "[i]f anything, the language included in the indictment is superfluous." (Docket 204 at p. 3).

"When an indictment includes all of the essential elements of an offense, but also treats other, superfluous matters, the superfluous allegations may be disregarded and the indictment is proper." United States v. Wells, 127 F.3d 739, 743 (8th Cir. 1997); see also United States v. McIntosh, 23 F.3d 1454, 1457 (8th Cir. 1994) ("Allegations in the indictment that are not necessary to establish a violation of a statute are surplusage and may be disregarded if the remaining allegations are sufficient to charge a crime.").

In United States v. Means, No. CR. 07-50003-01-KES, 2008 WL 216406 (D.S.D. 2008), the court considered a similar argument. The defendant was charged with abuse of a minor in violation of SDCL § 26-10-1 and SDCL 26-8A-2(3) and (4). Id. at *1. The indictment stated:

> On or about the 3rd day of November 2006, in Shannon County, in Indian Country, in the District of South

> Dakota, the Defendant, Wilberta Means, and Indian, did intentionally and knowingly abuse and expose a child under the age of seven, namely, [name ommitted], by exposing [name omitted] to an environment which was injurious to her welfare and by failing to provide proper and necessary supervision and other necessary care for the child's health and well being . . . .

(Civ. 5:07-cr-50003, Docket 58. (D.S.D. 2007)).

The defendant argued "the language of the indictment mention[ing] the South Dakota abuse and neglect statutes should [have been] stricken because there is no authority for the use of [the] civil statute to define criminal behavior." Id. at *3. The defendant claimed "the government misused the abuse and neglect statutes because those statutes were intended for use in abuse and neglect cases where the goal is to protect the child and the burden of proof is lower than in criminal cases." Id.

The court held the "alleged surplusage in the indictment [was] neither irrelevant nor inflammatory. Rather, it set[] forth the manner and means by which the alleged crime of abuse was committed. As such it provide[d] defendant sufficient information to put her on adequate notice of the offense charged." Id. at *4. The court found "the use of the South Dakota abuse and neglect statutes in the indictment [was] proper to explain and clarify the actions of defendant." Id.

As in Means, the indictment in this case contains the essential elements of SDCL § 26-10-1. Section 26-10-1 is written in the disjunctive, meaning the

4

government need not cite every way a defendant can be convicted under the statute. In this case, the government alleges Mr. Yellow Hawk abused T.Y. Abuse is not defined under § 26-10-1, nor anywhere else in South Dakota's criminal statutes.

The South Dakota pattern jury instructions define "abuse" as "physical maltreatment." Mr. Yellow Hawk cites State v. Wright, 593 N.W.2d 792, 797 n. 2 (S.D. 1999), for the proposition that the term "abuse" in criminal child abuse cases means physical maltreatment. (Docket 200 at p. 1). The definition of "abuse" was not an issue in Wright and the court found no South Dakota case providing a finite definition of "abuse" under SDCL § 26-10-1. The South Dakota Supreme Court, agreeing with the trial court, found the terms "abuse" and "torment" as used in SDCL § 26-10-1 are broad enough to "include inaction as well as physical, overt acts of striking, beating or other types of physically caused trauma." State v. Eagle Hawk, 411 N.W.2d 120, 123-24 (S.D. 1987).

Reference to a civil statute defining abuse and neglect serves the purpose of putting defendant on notice of "the manner and means by which the alleged crime of child abuse was committed." Means, 2008 WL 216406, at *4. As in Means, "the court finds the use of the South Dakota abuse and neglect statutes in the indictment [was] proper to explain and clarify the actions of defendant." Id.

5

The defendant also contends the use of the term "serious bodily injury" in count III constitutes "an element of aggravated assault, whereas the statute defining child abuse is specifically limited to those cases not amounting to aggravated assault." (Docket 200 at p. 2). The distinction between child abuse and aggravated assault is the serious bodily injury component. State v. Biays, 402 N.W.2d 697, 699-700, n. 3 (S.D. 1987).

As noted above, "[w]hen an indictment includes all of the essential elements of an offense, but also treats other, superfluous matters, the superfluous allegations may be disregarded and the indictment is proper." Wells, 127 F.3d at 743. In this case, the allegation of "serious bodily injury" is not an essential element of felony child abuse. This allegation amounts to surplusage and the indictment is proper. Accordingly, it is hereby

ORDERED that defendant's motion to dismiss count III of the indictment (Docket 158) is denied.

Dated October 31, 2013.

BY THE COURT:
/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
Chief JUDGE